UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:12-cr-00081-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL LEE FRY, | |
| Defendant. | |

AIKEN, Judge:

In October 2013, defendant pled guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, I determined that defendant's prior convictions rendered him a career offender under the Armed Career Criminal Act (ACCA), and I imposed the mandatory minimum sentence of 180 months. 18 U.S.C. § 924(e)(1). Defendant now moves to vacate and correct his sentence under 28 U.S.C. § 2255. *See* doc. 63.

Defendant argues that, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions no longer support the ACCA sentencing enhancement. The government opposes the motion and maintains that defendant's convictions for burglary, unlawful use of a weapon, and controlled substances remain viable, predicate offenses under the ACCA. The government no longer relies on defendant's prior convictions for attempting to elude police.

1  -  OPINION AND ORDER

However, defendant's burglary conviction no longer qualifies as a predicate offense under the residual clause of the ACCA. *Johnson*, 135 S. Ct. at 2557-58 (holding that the ACCA residual clause is unconstitutionally vague); *see also Welch v. United States*, 135 S. Ct. 1257, 1268 (2016) (holding that *Johnson* applies retroactively on collateral review). Further, the Ninth Circuit and this Court have held that convictions for first- and second-degree burglary in Oregon are not ACCA offenses under either the categorical or the modified categorical approach. *United States v. Cisneros*, --- F.3d ---, 2016 WL 3435389 (9th Cir. June 22, 2016); *United States v. Mayer*, No. 6:05-cr-60072-AA (D. Or. Feb. 15, 2016). Thus, defendant's burglary conviction does not qualify as a predicate offense for purposes of the ACCA. Absent the burglary conviction, defendant does not have three prior qualifying convictions and is not subject to the ACCA sentencing enhancement.

Accordingly, defendant's Amended Motion Under § 2255 (doc. 63) is GRANTED. Defendant's previous sentence of 180 months is VACATED, and the court will schedule a resentencing hearing. To the extent the parties dispute whether defendant's other, prior convictions render him a career offender under the Sentencing Guidelines, that issue will be addressed on resentencing, if necessary.

DATED this 16 day of August, 2016.

Ann Aiken
United States District Judge